IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

FILED
2007 SEP 11 P 1:28
U.S. DISTRICT COURT
EASTERN DIST. TENN.

| | |
|---|---|
| NETTIE J. BECKETT and husband, EARL DANIEL BECKETT, | ) ) ) ) Civil Action No. 2:07cv223 ) Judge Ronleon Jordan ) Magistrate Judge Dennis H Inman ) Jury Trial Demanded ) *Pending Transfer to MDL-1699* ) *(In re Bextra and Celebrex* ) *Marketing, Sales Practices and* ) *Products Liability Litigation)* |
| Plaintiff, | |
| vs. | |
| PFIZER INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant Pfizer Inc., ("Pfizer" or "Defendant") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and reserving all defenses, files this Notice of Removal removing this action from the Circuit Court of Washington County, Tennessee to the United States District Court for the Eastern District of Tennessee, Greeneville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendant shows to the Court as follows:

1. This is one of numerous cases filed nationwide alleging personal injuries from the use of the prescription medication CELEBREX®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") created an MDL proceeding pursuant to 28 U.S.C. § 1407 for such federal cases, and assigned the litigation to the Honorable Charles R. Breyer of the United States District Court for the Northern District of California. *See In re Bextra & Celebrex Prods. Liab. Litig.*, MDL-1699, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). Pfizer intends to seek inclusion of this case within the MDL-1699 proceedings, and will shortly provide the JPML notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules. *See* Rules 1.1 & 7.4(a) of Rules for Multidistrict Litigation under 28 U.S.C. § 1407, 1999 F.R.D. 425 (J.P.M.L.

1

2001). As a result, the JPML is expected to issue a Conditional Transfer Order regarding this case and this case is expected to transfer to the MDL Court shortly. Once transferred to the MDL proceedings, all pretrial issues will be governed by scheduling and other orders entered by Judge Breyer. Defendant will soon be filing a Motion to Stay all proceedings in this Court pending transfer.

    2.    On or about July 31, 2007, Plaintiffs Nettie J. Beckett and husband Earl Daniel Beckett ("Plaintiffs") filed this action against Pfizer in the Circuit Court for Washington County, Tennessee, bearing Case No. 9756.

    3.    As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Pfizer has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I. PFIZER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

    4.    On August 13, 2007, Plaintiff served the Summons and Complaint on Pfizer's agent for service in the state of Tennessee. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Copies of all pleadings, process, and orders served upon Pfizer in this action are attached hereto as collective <u>Exhibit A</u>, including the Complaint and Summons. To Pfizer's knowledge, no further proceedings have occurred in the Circuit Court for Washington County, Tennessee.

2

5. The United States District Court for the Eastern District of Tennessee, Greeneville Division embraces the county in which the state-court action is now pending. This Court is therefore a proper forum for this action pursuant to 28 U.S.C. §§ 123(a)(2) & 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pfizer is filing and serving its Answer with this Notice of Removal.

8. Pursuant to 28 U.S.C. § 1446(d), defendant Pfizer is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d). (See Exhibit B, attached.)

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. There Is Complete Diversity Of Citizenship.

10. There is complete diversity of citizenship between Plaintiffs and Defendant.

11. Plaintiffs allege that they are "citizens and residents" of Washington County, Tennessee. (Compl. ¶ 1.) Plaintiffs do not allege any alternative state of residence. Accordingly, Tennessee is the state in which Plaintiffs are domiciled and the state of which Plaintiffs are citizens for purposes of determining diversity jurisdiction.

12. Pfizer is, and was at the time Plaintiff filed this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York (Compl ¶ 2), and, therefore, is now, and was at the time of filing of this action, a citizen of Delaware and New York for purposes of determining diversity. See 28 U.S.C. § 1332(c)(1).

### B. The Amount-In-Controversy Requirement Is Satisfied.

13. The Plaintiffs' allegations clearly meet the amount-in-controversy threshold. The Complaint alleges the amount in controversy is Two Hundred Fifty Thousand ($250,000.00) Dollars (*see* Compl., Prayer for Relief) as required by the Tennessee Product Liability Act of 1978, T.C.A. § 29-28-101, *et seq.*, and it therefore is facially apparent that the amount of damages that Plaintiffs are seeking exceeds $75,000. Among other things, Plaintiffs allege that Plaintiff Nettie J. Beckett "had a heart attack" and "suffers chronic heart related abnormalities" as a result of taking Celebrex®. (Compl. ¶¶ 5, 13) Plaintiffs further allege that the final diagnosis by the treating physician was "Non-ST elevation myocardial infarction." (*Id.* ¶ 5) Plaintiff Nellie J. Beckett alleges that she sustained "severe pain and mental anguish and will continue to do so for the rest of her life and the injuries will greatly impair her . . . right to . . . earn a livelihood." (*Id.* ¶ 13.) Plaintiff's husband, Earl Daniel Beckett, seeks additional damages for loss of services, companionship, consortium and society. (*Id.* ¶ 14.) Thus, the amount in controversy plainly exceeds the jurisdictional minimum, as Plaintiffs' own allegations make clear.

14. If any question arises to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Pfizer respectfully removes this action from the Circuit Court of Washington County, Tennessee, bearing cause number 9756, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441.

4

*[signature]*
Jennifer Kiesewetter (TN Bar # 020161)
Evans & Petree PC
1000 Ridgeway Loop Road, Suite 200
Memphis, Tennessee 38120-4036
Telephone:   (901) 525.6781
Facsimile:    (901) 521.0681
E-mail: jkiesewetter@evanspetree.com

*Counsel for Defendant Pfizer Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon George Todd East, Attorney for Plaintiffs, Reynolds, 155 Shelby Street, Kingsport, TN 37660, via first class mail postage prepaid on 10th day of September, 2007.

*[signature]*

5