# State of Tennessee
# Circuit Court of Washington County
# at Jonesborough

NETTIE J. BECKETT and husband
EARL DANIEL BECKETT

vs. Plaintiff

PFIZER, INC.
Serve: Registered Agent

C T CORPORATION SYSTEM

800 S. Gay St., Suite 2021

Knoxville, TN 37929

Defendants

Filed __31__ day of __July__ 20__07__ at __4:30__ o'clock __P__ M

Karen Guinn, Clerk

Civil Summons
No. __9756__

NOTICE
TO THE DEFENDANT(S):
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution of seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To the above named defendant(s):

You are hereby commanded and required to serve upon __George Todd East__, plaintiff's attorney, whose address is __155 Shelby Street, Kingsport, TN 37660__, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Issued this __31__ day of __July__, __2007__, at __4:30 P__ M.

KAREN GUINN
Clerk

By: __Tammy Tipton__
Deputy Clerk

Received this _____ day of _____, 20_____ .

Sheriff – Deputy Sheriff

# RETURN

I certify and return that I:

❑ served this summons together with the complaint as follows: _____

❑ failed to serve this summons within thirty (30) days after its issuance because _____

Date _____

Deputy Sheriff

❑ accept service

I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Washington County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, 20_____ .

_____
Defendant

EXHIBIT A

# IN THE LAW COURT FOR WASHINGTON COUNTY
## AT JONESBOROUGH, TENNESSEE

Filed ___31___ day of ___July___ 20_07_ at _4:30_ o'clock _P_ M
Karen Guinn, Clerk

NETTIE J. BECKETT and husband, )
EARL DANIEL BECKETT, )
)
   Plaintiffs, )
)
v. ) CIVIL ACTION NO. _9756_
) JURY DEMANDED
PFIZER, INC., )
)
   Defendant. )

## COMPLAINT

Comes the Plaintiffs, Nettie J. Beckett and husband, Earl Daniel Beckett, and for cause of action against the Defendant would show unto the Court the following:

1. That Plaintiffs, Nettie J. Beckett and husband, Earl Daniel Beckett, are citizens and residents of Jonesborough, Washington County, Tennessee.

2. That Defendant Pfizer, Inc., is a corporation with principal office and place of business in New York, New York, and the Defendant is subject to the jurisdiction of this Court pursuant to T.C.A. Section 20-2-201 by manufacturing and placing in the stream of commerce in Tennessee pharmaceutical drugs which were intended by the Defendant to be used as pharmaceutical drugs in the State of Tennessee.

3. That the Defendant manufactures and places in the stream of commerce the pharmaceutical drug Celebrex.

4. That the Plaintiff, Nettie J. Beckett, took Celebrex as prescribed for her for arthritis by a treating physician. The Plaintiff, Nettie J. Beckett, was initially prescribed this medication in

I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL DOCUMENT AS IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT.
KAREN GUINN, CLERK

_____ D.C.

August, 2004 and took this medication for a period of time but due to problems with her stomach she stopped taking Celebrex. Beginning in May, 2006, the Plaintiff, Nettie J. Beckett, again took Celebrex as prescribed for her for arthritis by a treating physician. The Plaintiff, Nettie J. Beckett, took Celebrex beginning on or about May 24, 2006 and continued to take this medication until on or about August 4, 2006, one (1) dose per day as prescribed by her treating physician.

5. That on or about August 4, 2006, the Plaintiff began experiencing heaviness and chest pressure like sensation, going into both arms, associated with sweating and difficulty breathing. The Plaintiff was hospitalized and it was determined that the Plaintiff, Nettie J. Beckett, had had a heart attack. The final diagnoses given by the treating physician at the hospital included "Non-ST elevation myocardial infarction" and she was told upon discharge that she should discontinue use of the Celebrex drug. Plaintiff alleges these problems are the direct result of the drug Celebrex.

6. That the Plaintiff purchased the drug Celebrex in Johnson City, Tennessee, at a local pharmacy without any change to the product from the Defendant.

7. That the damage and injuries to Plaintiff was the proximate result of the negligence of Defendant in the research, manufacture, testing, offering for sale, representations to the public, and the sale of said drug Celebrex which was, as Defendant knew or should have known, unreasonably dangerous to a user thereof or one expected to use said product because of the failure of the Defendant to advise the public of possible side effects as a result of taking said drug.

8. At the time and place of sale of the drug Celebrex and the placing of said drug in the stream of commerce, the Defendant impliedly warranted to potential and actual purchasers and users thereof, including the Plaintiff, that said drug was reasonably safe for the use in which it was intended, and Plaintiff relied on said warranty in the purchase of and use of said drug Celebrex.

2

9. That said drug was in fact not so suitable and safe for such use, but was, on the contrary, dangerous to use in the manner used by Plaintiff of which Defendant failed to make Plaintiff aware, that Defendant thereby breached the said warranties, which breach proximately caused Plaintiff's said injuries and damages.

10. That such defects and negligence constitute a breach of express and implied warranties pursuant to *Tennessee Code Annotated Sections 47-2-313, 47-2-314 and 47-2-315*.

11. That the facts heretofore cited make the Defendant strictly liable to Plaintiffs for resulting damages in that the Defendant has sold a product reasonably and inherently dangerous to the user and has caused the Plaintiffs to sustain injuries and damages.

12. That as a direct and proximate result of Defendant's acts and omissions, Plaintiffs have incurred medical and care expenses in the amount of $_____ and will continue to incur expenses for medical care in the future.

13. That as a direct and proximate result of Defendant's acts and omissions as hereinbefore set forth Plaintiff, Nettie J. Beckett, is permanently injured and suffers chronic heart related abnormalities and anxiety. The Plaintiff's injury has caused her severe pain and mental anguish and will continue to do so for the rest of her life and the injuries will greatly impair her general enjoyment of and right to enjoy life in the future and earn a livelihood.

14. As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff Earl Daniel Beckett lost for a period of time the services, companionship, consortium and society of Nettie J. Beckett to which he is entitled as her husband, thus Defendant is liable to Plaintiff Earl Daniel Beckett for the aforesaid loss.

15. Plaintiffs aver and charge that the foregoing acts and omissions of the Defendant were

3

the direct and proximate cause of the damages and injuries sustained by the Plaintiffs herein.

**WHEREFORE**, Plaintiffs sue the Defendant for damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00). Further, Plaintiffs demand a jury to try this cause of action.

**NETTIE J. BECKETT and husband,
EARL DANIEL BECKETT**

By: *[signature]*

George Todd East (BPR#012062)
Attorney for Plaintiffs, Nettie J. Beckett
and husband, Earl Daniel Beckett
155 Shelby Street
Kingsport, TN 37660
(423) 246-3278

## COST BOND

I hereby acknowledge myself surety for the costs of this cause.

*[signature]*

George Todd East

4