# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## GREENEVILLE DIVISION

| | |
|---|---|
| **NETTIE J. BECKETT and husband,** ) | |
| **EARL DANIEL BECKETT,** ) | |
| ) | Civil Action No. 2:07cv223 |
| Plaintiffs, ) | Judge R. Leon Jordan |
| ) | Magistrate Judge Dennis H. Inman |
| vs. ) | |
| ) | *Pending Transfer to MDL-1699* |
| **PFIZER INC.,** ) | *(In re Bextra and Celebrex* |
| ) | *Marketing, Sales Practices and* |
| Defendant. ) | *Products Liability Litigation)* |

_____

### JOINT MOTION BY ALL PARTIES FOR A STAY OF ALL PROCEEDINGS
_____

Come now the parties, by and through counsel, and hereby move the Court to stay all proceedings pending the transfer of this case to the United States District Court for the Northern District of California for coordinated pre-trial proceedings as part of *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, MDL-1699. Counsel for both the plaintiffs and defendant consent to and participate on behalf of all parties as movants for this motion.

### INTRODUCTION

This case is one of numerous actions filed nationwide asserting products liability and/or marketing/sales practices claims against Pfizer with respect to the prescription medication Celebrex®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Bextra actions. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005). The JPML's order not only immediately transferred 31 pending federal cases to the MDL court,

but also recognized that numerous additional actions would be treated as potential "tag-along actions." *Id.* at 1378 n.1. On September 12, 2007, Pfizer included this case in a "tag-along" notice to the JPML. (Attached as Exh. A.) This case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. *See Rules of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001). Accordingly, to conserve judicial resources and prevent inconsistent pretrial orders, the parties jointly request that this Court stay all proceedings in this case pending MDL transfer. This request will not result in any prejudice to any party and will work "to the overall benefit of the parties" as well as the federal judiciary. *See* 391 F. Supp. 2d at 1379 (discussing the efficiencies occasioned by the creation of MDL 1699).

## ARGUMENT

The proceedings in this case should be stayed pending transfer to MDL-1699. Section 1407(a) of title 28 of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The JPML consistently has recognized that the primary purpose of consolidating such cases is to conserve judicial and party resources, avoid duplicate discovery, prevent inconsistent pretrial rulings, and avoid conflicting scheduling requirements. *See*, *e.g.*, *In re Acacia Media Techs. Corp. Patent Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005). Given these considerations, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good* v. *Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (citing cases).

Here as well, as the JPML explained in creating MDL-1699, "centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pre-trial

rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.,* 391 F. Supp. 2d at 1379 (concluding that the creation of MDL-1699 "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"). The JPML further noted that MDL-1699 will enable a single federal judge to coordinate discovery and "ensure[] the pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.*; *see also id.* ("We are confident in the [MDL] judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims."); *id.* (stating the MDL judge possesses the "time and experience" to "prudent[ly]" resolve this litigation). Permitting pretrial proceedings to proceed in this case despite its impending transfer to MDL-1699 would invite the very problems that MDL proceedings are designed to avoid: duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial and private resources. *See id.*; *see also In re Acacia*, 360 F. Supp. 2d at 1379.

Thus, staying all proceedings in this case pending MDL transfer would promote the uniformity of decisions and conservation of the parties' and federal courts' limited resources. *See* 391 F. Supp. 2d at 1379.

## CONCLUSION

For these reasons, plaintiffs Nettie J. and Earl David Beckett and defendant Pfizer respectfully request that the Court stay all proceedings in this case pending transfer to the MDL-1699.

Respectfully submitted,

s/George Todd East_____
George Todd East                     #012062
155 Shelby Street
Kingsport, Tennessee 37660
Telephone:    423.246.3278
Facsimile:    423.392.1700
Email: toddeast@chartertn.net

*Attorney for Plaintiffs*

s/Jennifer Kiesewetter._____
Jennifer Kiesewetter              #020161
Evans & Petree PC
1000 Ridgeway Loop Road
Suite 200
Memphis, Tennessee 38120
Telephone:    (901) 525.6781
Facsimile:    (901) 521.0681
Email: jkiesewetter@evanspetree.com

*Attorney for Defendant*

4